# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADP COMMERCIAL LEASING, LLC, et al., | Case No. 1:13-cv-00587-LJO-SKO |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO AMEND** |
| v. | (Doc. No. 53) |
| M.G. SANTOS, INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

On January 6, 2014, Plaintiff ADP Commercial Leasing, LLC ("ADP Commercial"), ADP Dealer Services, Inc. ("ADP Dealer"), and IP Networked Services, Inc. ("IP Networked") (collectively "ADP Plaintiffs" or "Plaintiffs"), filed a motion to amend the complaint. No opposition was filed by any Defendant. For the reasons set forth below, Plaintiffs' motion to amend the complaint is GRANTED.

## II.  BACKGROUND

Plaintiffs filed their complaint on April 22, 2013, against M.G. Santos, Inc. ("MG Santos"), a corporation doing business as Toscano RV Center; Bonessa Enterprises, Inc. ("Bonessa"), a corporation doing business as Toscano RV Outlet in Gilroy, California; and West Side Sales Co., Inc. ("West Side"), a corporation doing business as Westside Ford in Firebaugh, California. Plaintiffs allege that they entered into contracts with each of the Defendants to provide computer equipment, computer services and software licenses, or telephone services and that all Defendants failed to fully pay the amount due under each contract.  Plaintiffs stated breach of contract claims against all Defendants as well as causes of action for breach of quasi-contract.

On July 9, 2013, Bonessa filed a cross-complaint against MG Santos and West Side, as well as Michael Santos, Marion Santos, and Henry J. Flores.  (Doc. 20-1.)  Bonessa alleges that on August 24, 2011, it sold the bulk of the assets in its RV business to MG Santos.  (Doc. 20-1, ¶ 10.) Bonessa claims Michael Santos[1] and Henry Flores,[2] purporting to represent Bonessa, entered into agreements with Plaintiffs at either the direction, or with the knowledge, of Marion Santos.[3]  (Doc. 20-1, ¶ 16.)  Bonessa contends that at no time were Marion Santos, Michael Santos, or Henry Flores employed by or authorized to act on behalf of Bonessa.  (Doc. 20-1, ¶ 17.)  Bonessa also asserts it neither requested nor received any services or equipment from Plaintiffs, and Bonessa was at all times unaware of the agreements between the ADP Plaintiffs and MG Santos and West Side.  (Doc. 20-1, ¶ 17.)

On August 13, 2013, MG Santos, West Side, Michael Santos, Marion Santos, and Henry Flores answered Bonessa's cross-complaint admitting they were never employed by, affiliated with, or authorized to act on behalf of Bonessa.  (Doc. 28, ¶ 17.)

---

[1] Michael Santos is alleged by Bonessa to be Marion Santos' son and Vice-President and General Manager of MG Santos and/or West Side.  (Doc. 20-1, ¶ 5.)  In the answer to the cross-complaint, the cross-defendants admit that Michael Santos is Marion Santos' son, he is the Vice-President of MG Santos and/or West Side, but they deny he is the General Manager of MG Santos or West Side.  (Doc. 28, ¶ 5.)

[2] Henry Flores is alleged to be the General Manager of MG Santos.  (Doc. 20-1, ¶ 6.)

[3] Marion Santos is alleged to be the President of MG Santos.  (Doc. 20-1, ¶ 4.)

After a series of motions were filed and heard by the Court, a scheduling conference was held on November 6, 2013.  Based on Bonessa's cross-complaint, the ADP Plaintiffs indicated they anticipated seeking amendment to the complaint to add additional claims against Michael Santos, who allegedly signed contracts with the ADP Plaintiffs on behalf of Bonessa.  The Court set a deadline of January 7, 2014, for the parties to seek amendment of the pleadings.

On January 6, 2014, Plaintiffs filed a motion to amend the complaint.  Plaintiffs' basis for amendment is predicated on Bonessa's cross-complaint alleging Michael Santos did not have authority to bind Bonessa with respect to any of the contracts between the ADP Plaintiffs and Bonessa.  Plaintiffs assert Michael Santos, purporting to act as the Vice President, General Manager, and authorized agent of Bonessa, entered into lease agreements on Bonessa's behalf with the ADP Plaintiffs.  Henry Santos accepted delivery of equipment relating to the contract between ADP Commercial and Bonessa, purportedly acting as the General Manager and authorized agent of Bonessa Enterprises.

Michael Santos has allegedly indicated to Plaintiffs that the contract between ADP Commercial and Bonessa erroneously failed to indicate that it was between ADP Commercial and MG Santos.  (Doc. 55, 4:10-13.)  Although this error was brought to the attention of ADP Commercial in December 2012, and ADP Commercial emailed documents to MG Santos to assume the liabilities under the contract between ADP Commercial and Bonessa, MG Santos failed to execute those documents.  Plaintiffs wish to file an amended complaint so that ADP Commercial may dismiss its contract claim against Bonessa and assert a claim for Breach of Warranty of Authority against Michael Santos.  ADP also wishes to add an alternative claim against MG Santos for "Breach of Lease" under the theory that MG Santos should be held liable under the contract between ADP Commercial and Bonessa if Michael Santos is not held liable for Breach of Warranty of Authority.

### III.  DISCUSSION

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(1)-(2).  The Ninth Circuit has instructed that the policy

favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id.* Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Finally, "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

Here, Plaintiffs' motion to amend the complaint to add Michael Santos as a defendant and to assert new claims was filed timely and in compliance with the scheduling order. As it pertains to prejudice to the other parties, non-expert discovery in this case has been extended to May 23, 2014; thus, there is sufficient time remaining for the parties to conduct any additional discovery necessary in light of the amendment. The basis for the claims has been known to all the parties since discovery was opened and amendment of the complaint in this regard was anticipated. There appears to be no undue delay on the part of Plaintiffs in seeking amendment. Further, there is no evidence of bad faith in asserting the claims or naming Michael Santos as a Defendant. Finally, no party has presented any opposition to Plaintiffs' motion to amend.

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to amend the complaint is GRANTED;

4

2. Plaintiffs may file an amended complaint that comports to the proposed First Amended Complaint attached as an exhibit to their motion (Doc. 55-1) within three (3) days from the date of this order; and

3. Defendants shall file an amended answer within the time required by Federal Rule of Civil Procedure 15(a)(3).

IT IS SO ORDERED.

Dated:   **February 10, 2014**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE